UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO: _____

ORLANDO FRANKLIN, an individual,
and DEVON STILL, an individual,

      Petitioners,

v.

SUCCESS TRADE, INC.,
SUCCESS TRADE SECURITIES, INC.,
BP TRADE, INC., and FUAD AHMED,
an individual,

      Respondents.
_____/

**PETITION TO CONFIRM ARBITRATION
AWARD AND FOR ENTRY OF FINAL JUDGMENT**

Petitioners Orlando Franklin and Devon Still (collectively, "Petitioners") respectfully move this Court, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, for entry of an order confirming the Stipulated Arbitration Award (the "Stipulated Award") issued by the Financial Industry Regulatory Authority (FINRA) Arbitration Panel in the consolidated arbitration styled *Orlando Franklin v. Fuad Ahmed, Success Trade Securities, Inc., Success Trade, Inc., and BP Trade, Inc., et al.*, and *Devon Still v. Fuad Ahmed, Success Trade Securities, Inc., Success Trade, Inc., and BP Trade, Inc., et al.*, FINRA Dispute Resolution Master Consolidated Case No. 13-01311, Subordinate Case No. 13-02040 (the "Arbitration"). A true and correct copy of the Stipulated Award is attached hereto as Exhibit 1.

**The Parties**

1. Petitioner Orlando Franklin ("Franklin") is an individual who resides in Denver, Colorado.

2. Petitioner Devon Still ("Still") is an individual who resides in Wilmington, Delaware.

3. Respondent Success Trade, Inc. ("STI") is a District of Columbia corporation. STI is the parent and holding company of Success Trade Securities, Inc. and BP Trade, Inc.

4. Respondent Success Trade Securities, Inc. ("STS") is a District of Columbia corporation, FINRA member, and a wholly owned subsidiary of STI. STS maintains its principal place of business in Washington, D.C. It operates under two divisions, Just2Trade and LowTrades.

5. Respondent BP Trade, Inc. ("BP Trade") is a wholly owned subsidiary of STI. BP Trade maintains its principal place of business in Washington, D.C.

6. Respondent Fuad Ahmed ("Ahmed") is an individual who resides in the District of Columbia and is otherwise *sui juris*. Ahmed is the president of STI, STS and BP Trade.

**Venue and Jurisdiction**

7. Federal subject-matter jurisdiction exists here because there is complete diversity of citizenship between Petitioners and Respondents and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

8. Venue is proper in this District under 9 U.S.C. § 9 because Petitioners and Respondents agreed that "[a]ny action to confirm the Stipulated Award or to enforce or relating to this [Settlement] Agreement shall be brought and decided only in the federal courts located in Miami-Dade County, Florida or Broward County, Florida." In addition, "[t]he parties

consent[ed] to and submit[ed] themselves to the personal and subject matter jurisdiction of the federal courts located in Miami-Dade County, Florida or Broward County, Florida with respect to any such action." *See* Exhibits 2 and 3, attached hereto.

### The Facts

9. On May 7, 2013, Franklin commenced FINRA Case No. 13-01311 against Respondents to recover damages he incurred as a result of Respondents' Ponzi scheme.[1]

10. On July 12, 2013, Still commenced FINRA Case No. 13-02040 against Respondents to recover damages he incurred as a result of Respondents' Ponzi scheme.[2]

11. On July 15, 2014, FINRA Case No. 13-02040 was consolidated with FINRA Case No. 13-01311.

12. On September 11, 2014, Still and Respondents entered into a Settlement Agreement wherein Respondents agreed to, among other things, entry of a stipulated award. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 2.

13. On September 12, 2014, Franklin and Respondents entered into a Settlement Agreement wherein Respondents agreed to, among other things, entry of a stipulated award. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 3.

14. On December 29, 2014, the FINRA Arbitration Panel issued a Stipulated Award in favor of Franklin and Still and against Respondents. *See* Exhibit 1, attached hereto.

15. The Stipulated Award grants the following relief in favor of Franklin and against Respondents:

---

[1] Franklin also named other Respondents; however, they are not parties to this action, and Petitioners do not seek in this action to confirm the Stipulated Award with respect to any parties not named herein.

[2] Still also named other Respondents; however, they are not parties to this action, and Petitioners do not seek in this action to confirm the Stipulated Award with respect to any parties not named herein.

    a. STS, STI, BP Trade, and Ahmed, (the "Success Trade Parties"), joint and severally, shall pay to Franklin the sum of $193,988.00 (the "Settlement Sum") as follows: As reimbursement for costs incurred by Franklin, the Success Trade Parties shall pay $1,994.00 to Franklin by November 15, 2014, and shall make another payment for costs of $1,994.00 to Franklin by December 15, 2014.  Within four (4) months from September 12, 2014, the Success Trade Parties shall pay to Franklin at least $28,500.00, which amount constitutes fifteen percent of $190,000.00.  The balance of the Settlement Sum shall be paid to Franklin within eighteen (18) months from September 12, 2014.

    b. All other relief provided for in the September 12, 2014 Settlement Agreement entered into between Franklin and the Success Trade Parties.

*See* Exhibit 1 at 7-8.

16. The Stipulated Award grants the following relief in favor of Still and against Respondents:

    a. The Success Trade Parties, joint and severally, shall pay to Still the sum of $52,500.00 (the "Settlement Sum") as follows: As reimbursement for costs incurred by Still, the Success Trade Parties shall pay $1,250.00 to Still by November 15, 2014, and shall make another payment for costs of $1,250.00 to Still by December 15, 2014.  Within four (4) months from September 11, 2014, the Success Trade Parties shall pay to Still at least $7,500.00, which amount constitutes fifteen percent of $50,000.00.  The balance of the Settlement Sum shall be paid to Still within eighteen (18) months from September 11, 2014.

    b. All other relief provided for in the September 11, 2014 Settlement Agreement entered into between Still and the Success Trade Parties.

*Id*. at 8.

## **Argument**

17. This Court has authority to confirm the Stipulated Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"):

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award,

4

and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title.

18. Here, the parties agreed that "[a]ny action to confirm the Stipulated Award or to enforce or relating to this [Settlement] Agreement shall be brought and decided only in the federal courts located in Miami-Dade County, Florida or Broward County, Florida." *See* Exhibits 2 and 3, ¶ 16.

19. Moreover, there exist no grounds for vacating, modifying or correcting the Stipulated Award, which Respondents agreed to.

20. For these reasons, the Stipulated Award is ripe for summary proceedings to confirm it. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (explaining that the FAA imposes a heavy presumption in favor of confirming arbitration awards and, "[a]s a result, a court's confirmation of an arbitration award is usually routine or summary").

21. Petitioners respectfully request that the Court enter an order confirming the Stipulated Award pursuant to 9 U.S.C. § 9 and award the following relief in favor of Petitioners and against Respondents in a final judgment:

   a. the Success Trade Parties, joint and severally, shall pay to Franklin the sum of $193,988.00 (the "Settlement Sum") as follows: As reimbursement for costs incurred by Franklin, the Success Trade Parties shall pay $1,994.00 to Franklin by November 15, 2014, and shall make another payment for costs of $1,994.00 to Franklin by December 15, 2014. Within four (4) months from September 12, 2014, the Success Trade Parties shall pay to Franklin at least $28,500.00, which amount constitutes fifteen percent of $190,000.00. The balance of the Settlement Sum shall be paid to Franklin within eighteen (18) months from September 12, 2014;

   b. all other relief provided for in the September 12, 2014 Settlement Agreement entered into between Franklin and the Success Trade Parties;

   c. the Success Trade Parties, joint and severally, shall pay to Still the sum of $52,500.00 (the "Settlement Sum") as follows: As reimbursement for costs incurred by Still, the Success Trade Parties shall pay $1,250.00 to Still by November 15, 2014, and shall make another payment for costs of $1,250.00 to

Still by December 15, 2014.  Within four (4) months from September 11, 2014, the Success Trade Parties shall pay to Still at least $7,500.00, which amount constitutes fifteen percent of $50,000.00.  The balance of the Settlement Sum shall be paid to Still within eighteen (18) months from September 11, 2014;

d. all other relief provided for in the September 11, 2014 Settlement Agreement entered into between Still and the Success Trade Parties;

e. interest at the maximum rate allowed accruing from December 29, 2014 until the Stipulated Award is paid in full;

f. attorneys' fees and costs incurred in confirming the Stipulated Award; and

g. such other and further relief as the Court deems just and proper.

WHEREFORE, Petitioners Orlando Franklin and Devon Still respectfully apply to the Court for a final judgment against Respondents confirming the Stipulated Award as requested in this action and as provided by the Stipulated Award, plus interest until all sums are paid, attorneys' fees, costs, and for such other and further relief as the Court deems just and proper.

Dated:  March 31, 2015.

Respectfully submitted:

HOMER BONNER JACOBS
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida  33131
Phone:  (305) 350-5146
Fax:  (305) 372-2738

By:  _s/Andrew Vitali, III_____
       Peter W. Homer
       Email: phomer@homerbonner.com
       Florida Bar No. 291250
       Andrew Vitali, III
       Email: avitali@homerbonner.com
       Florida Bar No. 057828

and

         Allan M. Lerner
         **LAW OFFICES OF ALLAN M. LERNER, P.A.**
         2888 E Oakland Park Blvd.
         Fort Lauderdale, Florida 33306
         Telephone: (954) 563-8111
         Fax: (954) 563-8522
         Email: allan@lernerpa.com
         Florida Bar No: 196681

         *Attorneys for Orlando Franklin and Devon Still*