Exhibit 1

**Stipulated Award**
**FINRA Dispute Resolution**

---

In the Matter of the Arbitration Between:

Claimant                                          Master Consolidated Case Number:
Orlando Franklin                                  13-01311

       vs.

Respondents                                       Hearing Site: Denver, Colorado
Fuad Ahmed
Ramnik Singh Aulakh
Jinesh Pravin Brahmbhatt
Nainesh Mahesh Brahmbhatt
JADE PWM, LLC d/b/a Jade Private Wealth
Management, LLC
Success Trade Securities, Inc.
Success Trade, Inc.
BP Trade, Inc.

Cross-Claimant
Ramnik Singh Aulakh

       vs.

Cross-Respondents
Fuad Ahmed
Jinesh Pravin Brahmbhatt
JADE PWM, LLC d/b/a Jade Private Wealth
Management, LLC
Success Trade Securities, Inc.

**Consolidated with:**

Claimant                                          Subordinate Case Number: 13-02040
Devon Still

       vs.

                                                  Hearing Site: Cincinnati, Ohio

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 2 of 11</u>

<u>Respondents</u>
Fuad Ahmed
Ramnik Singh Aulakh
Jinesh Pravin Brahmbhatt
Nainesh Mahesh Brahmbhatt
JADE PWM, LLC d/b/a Jade Private Wealth
Management, LLC
Success Trade Securities, Inc.
Success Trade, Inc.
BP Trade, Inc.


<u>Cross-Claimant</u>
Ramnik Singh Aulakh

     vs.

<u>Cross-Respondents</u>
Fuad Ahmed
Jinesh Pravin Brahmbhatt
JADE PWM, LLC d/b/a Jade Private Wealth Management, LLC
Success Trade Securities, Inc.

---

Nature of the Disputes:

| | |
|---|---|
| *Master Consolidated Case 13-01311:* | Customer vs. Member, Associated Persons, and Non-Members |
| | Associated Person vs. Member, Associated Person and Non-Member |
| *Subordinate Case 13-02040:* | Customer vs. Member, Associated Persons, and Non-Members |
| | Associated Person vs. Member, Associated Person and Non-Member |

This case was decided by an all-public panel.

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 3 of 11</u>

## REPRESENTATION OF PARTIES

For Orlando Franklin ("Franklin") and Devon Still ("Still") hereinafter collectively referred to as "Claimants": Peter W. Homer, Esq. and Andrew Vitali, III, Esq., Homer Bonner Jacobs, P.A., Miami, Florida.

For Fuad Ahmed ("Ahmed"), BP Trade, Inc. ("BP Trade"), Success Trade Securities, Inc. ("STS"), and Success Trade, Inc. ("STI"): William C. Saacke, Esq., The Saacke Law Group, Torrance, California.

Ramnik Singh Aulakh ("Aulakh") appeared pro se.

Nainesh Mahesh Brahmbhatt ("N. Brahmbhatt") appeared pro se.

JADE PWM, LLC d/b/a Jade Private Wealth Management, LLC ("JADE") and Jinesh Praving Brahmbhatt ("J. Brahmbhatt") did not enter an appearance in this matter.

## CASE INFORMATION

*Master Consolidated Case 13-01311*

Statement of Claim filed on or about: May 7, 2013.

Statement of Answer filed by Ahmed and STS on or about: October 30, 2013.

Statement of Answer and Cross Claim filed by Aulakh on or about: January 4, 2014.

Statement of Answer filed by N. Brahmbhatt on or about: August 29, 2014.

Franklin signed the Submission Agreement: May 7, 2013.

Ahmed signed the Submission Agreement: September 17, 2014.

Aulakh signed the Submission Agreement: January 4, 2014.

J. Brahmbhatt did not sign the Submission Agreement.

N. Brahmbhatt signed the Submission Agreement: August 27, 2014.

JADE did not sign the Submission Agreement.

STS signed the Submission Agreement: September 17, 2014.

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 4 of 11</u>

STI signed the Submission Agreement: September 17, 2014.

BP Trade signed the Submission Agreement: September 17, 2014.

## *Subordinate Case 13-02040*

Statement of Claim filed on or about: July 12, 2013.

Statement of Answer filed by Ahmed and STS on or about: October 30, 2013.

Statement of Answer and Cross Claim filed by Aulakh on or about: December 19, 2013.

Still signed the Submission Agreement: July 12, 2013.

Ahmed signed the Submission Agreement: September 17, 2014.

Aulakh signed the Submission Agreement: January 29, 2014.

J. Brahmbhatt did not sign the Submission Agreement.

JADE did not sign the Submission Agreement.

## **<u>CASE SUMMARY</u>**

### *Master Consolidated Case 13-01311*

In the Statement of Claim, Franklin asserted the following causes of action: failure to observe high standards of commercial honor and treat Franklin in a just and equitable manner; negligence, gross negligence, negligent misrepresentation and omission, and negligent supervision; fraudulent misrepresentation and omission; breach of fiduciary duty; breach of contract; and violations of Colorado's Securities Act and federal anti-fraud provisions.

Unless specifically admitted in their Answer, STS and Ahmed denied the allegations made in the Statement of Claim and asserted various defenses.

Unless specifically admitted in his Answer, Aulakh denied the allegations made in the Statement of Claim and filed a Cross Claim against STS, Ahmed, JADE, and J. Brahmbhatt for contribution and/or indemnification.

Unless specifically admitted in his Answer, N. Brahmbhatt denied the allegations made in the Statement of Claim.

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 5 of 11</u>

<u>*Subordinate Case 13-02040*</u>

In the Statement of Claim, Still asserted the following causes of action: failure to observe high standards of commercial honor and treat Still in a just and equitable manner; negligence, gross negligence, negligent misrepresentation and omission, and negligent supervision; fraudulent misrepresentation and omission; breach of fiduciary duty; breach of contract; and violations of Kentucky's Securities Act and federal anti-fraud provisions.

Unless specifically admitted in their Answer, STS and Ahmed denied the allegations made in the Statement of Claim and asserted various defenses.

Unless specifically admitted in his Answer, Aulakh denied the allegations made in the Statement of Claim and filed a Cross Claim against STS, Ahmed, JADE, and J. Brahmbhatt for contribution and/or indemnification.

## RELIEF REQUESTED

<u>*Master Consolidated Case 13-01311*</u>

In the Statement of Claim, Franklin requested:

1. Actual damages of approximately $200,000.00;
2. Rescission of the unsuitable investments at issue;
3. Prejudgment interest at the statutory rate;
4. Punitive damages in an amount to be determined by the Panel;
5. Attorneys' fees and costs; and
6. Such other and further relief as the Panel deems just, proper, equitable and fair.

In their Answer, Ahmed and STS requested:

1. The dismissal of all claims against them;
2. Attorneys' fees and costs;
3. The Panel order expungement of this matter from STS' and Ahmed's CRD records; and
4. Such other and further relief as the Panel deems just and proper.

In his Answer and Cross Claim, Aulakh requested contribution and/or indemnification against JADE, STS, Ahmed, and J. Brahmbhatt in the event the Panel entered an award against him.

In the Answer, N. Brahmbhatt did not include a prayer for relief.

FINRA Dispute Resolution
Arbitration No. 13-01311
Stipulated Award Page 6 of 11

_Subordinate Case 13-02040_

In the Statement of Claim, Still requested:

1. Actual damages of approximately $50,000.00;
2. Rescission of the unsuitable investments at issue;
3. Prejudgment interest at the statutory rate;
4. Punitive damages in an amount to be determined by the Panel;
5. Attorneys' fees and costs; and
6. Such other and further relief as the Panel deems just, proper, equitable and fair.

In their Answer, Ahmed and STS requested:

1. The dismissal of all claims against them;
2. Attorneys' fees and costs;
3. The Panel order expungement of this matter from STS' and Ahmed's CRD records; and
4. Such other and further relief as the Panel deems just and proper.

In his Answer and Cross Claim, Aulakh requested contribution and/or indemnification against JADE, STS, Ahmed, and J. Brahmbhatt in the event the Panel entered an award against him.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On November 18, 2013, FINRA notified the parties that FINRA did not receive a voluntary submission from JADE and that JADE is not compelled by the Code of Arbitration Procedure ("Code") to arbitrate the disputes in this forum. As such, FINRA removed JADE as a party from the case.

On June 20, 2014, Claimants filed a Motion to Consolidate case 13-02040 with 13-01311. Ahmed and Aulakh agreed to the consolidation. By Order dated July 15, 2014, the Panel determined to grant Claimants' motion.

On September 16, 2014, Claimants and STS, STI, BP Trade, Ahmed, and N. Brahmbhatt notified FINRA that they agreed to postpone the final hearing scheduled in this matter because they anticipated submitting a Stipulated Award for the Panel's consideration. The parties requested a waiver of any fees that might be associated with the requested postponement. The Panel declined to waive postponement fees in this matter.

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 7 of 11</u>

On October 10, 2014, Claimants notified FINRA that they had settled this matter only with respect to STS, STI, BP Trade, and Ahmed.

On October 10, 2014, Claimants advised FINRA that, pursuant to a stipulation with Aulakh and N. Brahmbhatt, Claimants are voluntarily dismissing their respective claims against Aulakh and N. Brahmbhatt without prejudice.  On October 16, 2014, Aulakh and N. Brahmbhatt notified FINRA that they consented to be dismissed without prejudice.

On October 10, 2014, Claimants advised FINRA that Aulakh voluntarily dismissed his Cross Claim against STS, JADE, J. Brahmbhatt, and Ahmed without prejudice.  On October 16, 2014, Aulakh confirmed that he consented to dismiss the Cross Claim against STS, JADE, J. Brahmbhatt, and Ahmed without prejudice.

On October 10, 2014, the parties confirmed that BP Trade, Inc. should be added to these matters as a Respondent.

On October 16, 2014, FINRA removed J. Brahmbhatt from the case in accordance with Claimants' request to pursue their claims against J. Brahmbhatt under FINRA's Default Code Rule 12801.

Claimants and STS, STI, BP Trade, Ahmed, Aulakh, and N. Brahmbhatt, have agreed to entry of this Stipulated Award and have further agreed that the Stipulated Award in this matter may be executed in counterpart copies or that a handwritten, signed Stipulated Award may be entered.

## <u>AWARD</u>

The parties entered into an agreement to present to the Panel a Stipulated Award. Now, in lieu of a hearing and upon motion of the parties for an entry of an award, and the written stipulation thereto, the Panel grants the motion and enters this award granting the following relief:

1. STS, STI, BP Trade and Ahmed, (the "Success Trade Parties"), joint and severally, shall pay to Franklin the sum of $193,988.00 (the "Settlement Sum") as follows:  As reimbursement for costs incurred by Franklin, the Success Trade Parties shall pay $1,994.00 to Franklin by November 15, 2014, and shall make another payment for costs of $1,994.00 to Franklin by December 15, 2014. Within four (4) months from September 12, 2014, the Success Trade Parties shall pay to Franklin at least $28,500.00, which amount constitutes fifteen percent of $190,000.00.  The balance of the Settlement Sum shall be paid to Franklin within eighteen (18) months from September 12, 2014.  Franklin shall have the sole and exclusive option to extend the due date for the balance of the Settlement Sum until twenty-four (24) months from September 12, 2014 if the

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 8 of 11</u>

Success Trade Parties demonstrate that such additional time will make a substantial difference in the value of the Success Trade Parties' software platform.

2. All other relief provided for in the September 12, 2014 Settlement Agreement entered into between Franklin and the Success Trade Parties.  All the provisions of the September 12, 2014 Settlement Agreement are self-executing and, therefore, no further action by the Panel is anticipated.

3. The Success Trade Parties, joint and severally, shall pay to Still the sum of $52,500.00 (the "Settlement Sum") as follows:  As reimbursement for costs incurred by Still, the Success Trade Parties shall pay $1,250.00 to Still by November 15, 2014, and shall make another payment for costs of $1,250.00 to Still by December 15, 2014.  Within four (4) months from September 11, 2014, the Success Trade Parties shall pay to Still at least $7,500.00, which amount constitutes fifteen percent of $50,000.00.  The balance of the Settlement Sum shall be paid to Still within eighteen (18) months from September 11, 2014.  Still shall have the sole and exclusive option to extend the due date for the balance of the Settlement Sum until twenty-four (24) months from September 11, 2014 if the Success Trade Parties demonstrate that such additional time will make a substantial difference in the value of the Success Trade Parties' software platform.

4. All other relief provided for in the September 11, 2014 Settlement Agreement entered into between Still and the Success Trade Parties. All the provisions of the September 11, 2014 Settlement Agreement are self-executing and, therefore, no further action by the Panel is anticipated.

5. Claimants' respective claims against Aulakh are hereby dismissed without prejudice.

6. Claimants' respective claims against N. Brahmbhatt are hereby dismissed without prejudice.

7. Aulakh's Cross Claim against STS, JADE, J. Brahmbhatt and Ahmed is hereby dismissed without prejudice.

## <u>FEES</u>

Pursuant to the Code, the following fees are assessed:

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 9 of 11</u>

## Filing Fees

FINRA Dispute Resolution will retain or collect the non-refundable filing fees* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | = $1,425.00 |
| Cross Claim Filing Fee | = $1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

*FINRA Dispute Resolution preliminarily deferred the initial claim filing fee. The Panel, at the conclusion of the case, determined that the non-refundable portion of the filing in the amount of $300.00 should be assessed.*

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Success Trade Securities, Inc. is assessed the following:

| | |
|---|---|
| Member surcharge | = $1,700.00 |
| Pre-hearing process fee | = $  750.00 |
| Hearing process fee | = $2,750.00 |

## Adjournment Fees

The following adjournment fees are assessed:

| | |
|---|---|
| July 8 – 10, 2014, adjournment requested by STS and Ahmed | = $1,125.00 |
| September 22 – 24, 2014, adjournment requested by the parties | = $1,200.00 |
| Total Adjournment Fees | = $2,325.00 |

1. The Panel has assessed $600.00 of the adjournment fees jointly and severally to Claimants.

2. The Panel has assessed $600.00 of the adjournment fees jointly and severally to Ahmed, Aulakh, J. Brahmbhatt, N. Brahmbhatt, STS, and STI.

3. The Panel has assessed $1,125.00 of the adjournment fees jointly and severally to Ahmed and STS.

## Discovery-Related Motion Fees

Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| Four (4) Decisions on discovery-related motions on the papers with (1) <u>one</u> arbitrator @ $200.00 | = $  800.00 |

FINRA Dispute Resolution
Arbitration No. 13-01311
Stipulated Award Page 10 of 11

Franklin submitted (4) discovery-related motions

| | |
|---|---|
| Total Discovery-Related Motion Fees | = $  800.00 |

1. The Panel has assessed $800.00 of the discovery-related motion fees jointly and severally to Ahmed, Aulakh, J. Brahmbhatt, N. Brahmbhatt, STS, and STI.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less.  Fees associated with these proceedings are:

Paper Decision Fee                                                                  = $   300.00

Two (2) Pre-hearing sessions with the Panel @ $1,125.00/session          = $2,250.00
Pre-hearing conferences:          April 11, 2014          1 session
                                               June 11, 2014          1 session

Two (2) Pre-hearing sessions with the Panel @ $1,200.00/session          = $2,400.00
Pre-hearing conferences:          August 4, 2014          1 session
                                               September 2, 2014  1 session

| | |
|---|---|
| Total Hearing Session Fees | = $4,950.00 |

1. The Panel has assessed $2,512.50 of the hearing session fees to jointly and severally to Claimants.

2. The Panel has assessed $600.00 of the hearing session fees jointly and severally to STS, STI, and Ahmed.

3. The Panel has assessed $562.50 of the hearing session fees jointly and severally to Ahmed, Aulakh, J. Brahmbhatt, N. Brahmbhatt, STS, and STI.

4. The Panel has assessed $1,125.00 of the hearing session fees jointly and severally to Ahmed and STS.

5. The Panel has assessed $150.00 of the hearing session fees jointly and severally to Ahmed, STS, STI, and BP Trade.

All balances are due and payable to FINRA Dispute Resolution upon receipt.

FINRA Dispute Resolution
Arbitration No. 13-01311
<u>Stipulated Award Page 11 of 11</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| David L. Erickson | - | Public Arbitrator, Presiding Chairperson |
| Thaddeus J. Tecza | - | Public Arbitrator |
| Steven M. Feder | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein
and who executed this instrument which is my award.

<u>Concurring Arbitrators' Signatures</u>

_David L. Erickson_ (signature)                     _12/28/2014_
David L. Erickson                                    Signature Date
Public Arbitrator, Presiding Chairperson


_____                     _____
Thaddeus J. Tecza                            Signature Date
Public Arbitrator


_____                     _____
Steven M. Feder                              Signature Date
Public Arbitrator


__January 13, 2015_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 13-01311
Stipulated Award Page 11 of 11

### ARBITRATION PANEL

| | | |
|---|---|---|
| David L. Erickson | - | Public Arbitrator, Presiding Chairperson |
| Thaddeus J. Tecza | - | Public Arbitrator |
| Steven M. Feder | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____
David L. Erickson
Public Arbitrator, Presiding Chairperson

_____       Signature Date

_____
Thaddeus J. Tecza
Public Arbitrator

_12/23/14_____
Signature Date

_____
Steven M. Feder
Public Arbitrator

_____       Signature Date

_January 13, 2015_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 13-01311
Stipulated Award Page 11 of 11

## ARBITRATION PANEL

| | | |
|---|---|---|
| David L. Erickson | - | Public Arbitrator, Presiding Chairperson |
| Thaddeus J. Tecza | - | Public Arbitrator |
| Steven M. Feder | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____
David L. Erickson
Public Arbitrator, Presiding Chairperson

_____12/28/2014_____
Signature Date

_____
Thaddeus J. Tecza
Public Arbitrator

_____
Signature Date

_____
Steven M. Feder
Public Arbitrator

_____12/29/2014_____
Signature Date

__January 13, 2015_____
Date of Service (For FINRA Dispute Resolution office use only)