IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-21253-KING

ORLANDO FRANKLIN and
DEVON STILL,

    Petitioners,

vs.

SUCCESS TRADE, INC., SUCCESS TRADE
SECURITIES, INC., BP TRADE, INC. and
FUAD AHMED,

    Respondents.
_____/

## ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT AND CONFIRMING ARBITRATION AWARD

**THIS CAUSE** comes before the Court upon Petitioners ORLANDO FRANKLIN and DEVON STILL's Motion for Summary Judgment (the "Motion") (DE 19), filed August 7, 2015.[1]

## BACKGROUND

Respondents failed to respond to the Motion, thus, the following is undisputed:[2]

On March 31, 2015, Petitioners filed a Petition to Confirm the Stipulated Arbitration Award (the "Stipulated Award") issued by the Financial Industry Regulatory Authority (FINRA) Arbitration Panel in the consolidated arbitration styled *Orlando*

---

[1] Respondents have failed to respond to the Motion, and the time to do so has passed.

[2] A party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record or by showing that the materials cited do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c), (e) Where a non-moving party does not controvert the moving party's assertion of a properly supported fact, the Court considers the fact undisputed. *See* S.D. Fla. L. R. 56.1(a), (b).

1

*Franklin v. Fuad Ahmed, Success Trade Securities, Inc., Success Trade, Inc., and BP Trade, Inc., et al.*, and *Devon Still v. Fuad Ahmed, Success Trade Securities, Inc., Success Trade, Inc., and BP Trade, Inc., et al.*, FINRA Dispute Resolution Master Consolidated Case No. 13-01311, Subordinate Case No. 13-02040 (the "Arbitration"), and for entry of final judgment (the "Petition"). DE 1.

On May 22, 2015, Respondents filed an Answer and Affirmative Defense, admitting, among other facts, that (1) there exist no grounds for vacating, modifying, or correcting the Stipulated Award, which Respondents agreed to in the Arbitration; and (2) the Stipulated Award is ripe for summary proceedings. DE 17.

Respondents' sole affirmative defense seeks a setoff or credit in the final judgment for partial payments made by Respondents. *Id.* Respondents have made only two payments toward the amounts awarded and due under the Stipulated Award; one payment to Franklin in the amount of $1,994.00 and one payment to Still in the amount of $1,250.00. *See id.* After crediting these two payments, Respondents owe the principal amounts of $191,994.00 to Franklin and $51,250.00 to Still.

Pursuant to the terms of the Stipulated Award, which expressly incorporates and awards all other relief provided for in the September 11, 2014, Settlement Agreement between Still and Respondents and the September 12, 2014, Settlement Agreement between Franklin and Respondents (collectively, the "Settlement Agreements"), Petitioners are also entitled to: 1) an award of the attorneys' fees and costs they incurred in bringing this action to confirm the Stipulated Award; and 2) interest on the amounts

awarded in the Stipulated Award at the maximum rate allowed under Florida law from December 29, 2014 until the amounts owed are paid in full.

## LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-

3

movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592-94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

## DISCUSSION

Respondents have filed no memoranda of law in opposition to the Motion as required by S.D. Fla. L.R. 7.1(c). Given Respondents' failure to respond to the motion, and after a review of Petitioners' Statement of Undisputed Material Facts (DE 20), which the Court finds to be supported by competent evidence, the Court finds Petitioners' material facts to be undisputed. Moreover, the Court finds persuasive and adopts

Petitioners' legal arguments in support of their Motion, which stand unrebutted by Respondents.

## CONCLUSION

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** that Petitioners' Motion for Summary Judgment **(DE 19)** be, and the same is, hereby **GRANTED,** and Petitioners' Petition to Confirm Arbitration Award and for Entry of Final Judgment **(DE 1)** be, and the same is, hereby **GRANTED** and the Stipulated Award **(DE 1-1)** is **CONFIRMED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Miami-Dade County, Florida, this 24th day of September, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: **All counsel of record**